IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATINA WASHINGTON | § § § | PLAINTIFF |
| v. | § § § | Civil No. 1:23-cv-370-HSO-BWR |
| BURL CAIN, *MDOC Commissioner*, et al. | § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT SHELBY SMITH'S MOTION [19] TO DISMISS FOR FAILURE TO STATE A CLAIM; GRANTING DEFENDANTS ELLIOT BURCH AND ANGEL MYERS MCLRATH'S [sic] MOTION [21] TO DISMISS OR, ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS; GRANTING DEFENDANT STANLEY MCLEOD'S MOTION [26] FOR JUDGMENT ON THE PLEADINGS; AND GRANTING DEFENDANTS TIMOTHY BARNES, UNKNOWN BEASLEY, BURL CAIN, RUSSELL HOUSTON, JOHN HUNT, JEWORSKI MALLETT, AND J.R. ROBERTS' MOTION [35] TO DISMISS**

BEFORE THE COURT are the following dispositive Motions: (1) Defendant Shelby Smith's Motion [19] to Dismiss for Failure to State a Claim; (2) Defendants Elliot Burch and Angel Myers McLrath's [sic] Motion [21] to Dismiss or, Alternatively, Motion for Judgment on the Pleadings; (3) Defendant Stanley McLeod's Motion [26] for Judgment on the Pleadings; and (4) Defendants Timothy Barnes, Unknown Beasley, Burl Cain, Russell Houston, John Hunt, Jeworski Mallett, and J.R. Roberts' Motion [35] to Dismiss.

Because pro se Plaintiff Catina Washington's Complaint [1] fails to state a claim upon which relief can be granted as to any of these movants, the Court will grant all four Motions [19], [21], [26], [35] and dismiss her claims against these

Defendants without prejudice.[1]  But due to her pro se status, Plaintiff will be given until **January 22, 2025**, to reassert a properly supported motion to amend with a proposed amended complaint attached, in accordance with the Court's Local Rules.

## I.  BACKGROUND

A.   The Complaint [1]

Plaintiff Catina Washington ("Plaintiff" or "Washington") is a former case manager at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  *See* Compl. [1] at 1, 6.  Her pro se Complaint [1] appears to advance claims under 42 U.S.C. § 1983 against Defendants Burl Cain ("Cain"), Commissioner of the Mississippi Department of Corrections ("MDOC"); John Hunt ("Hunt"), Director of Investigation in the Corrections Investigation Division ("CID"); Jeworski Mallett ("Mallett"), MDOC Deputy Commissioner; Timothy Barnes ("Barnes"), Warden of SMCI; Unknown Beasley ("Beasley"), Former Deputy Warden of SMCI; Stanley McLeod ("McLeod"), Sheriff of Greene County, Mississippi; Angel Myers McLrath [sic] ("McIlrath"), District Attorney 19th Circuit; Elliot Burch ("Burch"), Assistant District Attorney; Lecarus Oliver ("Oliver"), Mississippi Bureau of Investigation ("MBI") Major/Director of Criminal Investigation; Russell Houston ("Houston"), MDOC/CID Lower-Level Investigator; Shelby Smith ("Smith"), Master Sergeant of MBI; J.R. Roberts ("Roberts"), SMCI/MDOC Human Resources Office;

---

[1] Plaintiff's claims against Defendant Lecarus Oliver, who has not appeared, and Defendant Jane Doe #1, SMCI/MDOC Disciplinary Hearing Officer, who has not yet been identified or appeared in this case, remain for resolution.

2

and Jane Doe #1, SMCI/MDOC Disciplinary Hearing Officer, all in their individual capacities.  Compl. [1] at 1-4.

Plaintiff alleges that in December 2020, while she was employed at SMCI, "a prisoner viciously attacked" her, causing "severe injuries which resulted in surgery." *Id.* at 6.  Plaintiff "blew the whistle and filed grievances with the entire chain of command at MDOC, CID, MBI, District Attorney's Office, Sheriff's Dept. of Greene County, and additional attorneys . . . to no avail . . . ." *Id.*  She claims that she was not "afforded protections as a victim regarding the right to prosecute," and "all alleged investigations were not properly done." *Id.*  Plaintiff believes that "such acts constitute a cover-up on behalf of all parties collectively," and she "continues to suffer from being deprived of her Constitutional Rights as a whistle blower . . . ." *Id.*  In the section of the form Complaint [1] which asks Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," she writes: "1983, 1985, usc 241 [sic], MS STATE CONST. 1980, 18 USC 1512, 5 USC 2302, UNITED STATES CONSTITUTION."  Compl. [1] at 5.

B.   Defendants' Motions

Defendants McIlrath, McLeod, and Burch have filed separate Answers [15], [17], [18], and Defendants Barnes, Beasley, Cain, Houston, Hunt, Mallett, and Roberts have filed a combined Answer [25].  And each of the Defendants who have appeared in this case have filed dispositive Motions [19], [21], [26], [35].  Defendant Smith has not filed an answer but instead a Motion [19] to Dismiss for Failure to

State a Claim under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. [19]; Mem. [20]. Smith argues that the Complaint [1] fails to allege any acts of wrongdoing against him in his individual capacity, nor does it contain any factual allegations that would result in liability. Mot. [19] at 1; Mem. [20] at 3-4.

Defendants Burch and McIlrath assert that their "challenged actions were intimately associated with the judicial phase of the criminal process," and they "are entitled to absolute prosecutorial immunity for all claims against them." Mem. [22] at 1; *see id.* at 4-7. Defendant Sheriff McLeod contends that Plaintiff's claims should be dismissed because the Complaint [1] does not allege any personal participation on his part in any alleged constitutional violation, and it fails "to plead facts sufficient to overcome McLeod's qualified immunity." Mem. [27] at 5; *see id.* at 6-8. Finally, Defendants Barnes, Beasley, Cain, Houston, Hunt, Mallett, and Roberts argue that the Complaint [1] fails to state a claim upon which relief can be granted because it does not state any personal involvement by any of them and fails to allege a constitutional harm. Mem. [36] at 3-6.

Plaintiff filed an untimely Response [29] and a Memorandum [30] in opposition to Burch and McIlrath's Motion [21] to Dismiss,[2] the latter of which [30] mentions her claims against all Defendants. *See* Mem. [30]. She argues that "it appears that [Defendants Burch and McIlrath] believe[ ] that their job was complete

---

[2] Plaintiff filed a second Response [31] and Memorandum [32] a few days later that were virtually identical to the original Response [29] and Memorandum [30]. The only difference appears to be that the attorneys of record and Plaintiff's signature were added to the Certificates of Service. *See* Resp. [31] at 4-5; Mem. [32] at 10-11. The Court will cite the original filings [29], [30].

4

simply because of allegedly 'conflicting testimony,' which compelled Defendant Burch to file Nolle Prosequi on November 10, 2021." Resp. [29] at 1. But "the District Attorney's Office was not fair & impartial and executing the Simple Assault charge was not proper at all when Plaintiff suffered injuries that required surgery and the initial charge should have been Aggravated Assault." *Id.* at 2. Plaintiff contends that Defendants Burch and McIlrath failed to conduct a proper investigation and "relied on the conflicting testimony of the attacker & MDOC Investigation Division rather than being impartial," such that they are not entitled to immunity. *Id.*

According to Plaintiff, she issued three Rule Violation Reports ("RVRs") "on the date of the incident via her chain of command at (SMCI) whereby Defendants Beasley, Barnes, Hunt, Cain, Mallett, & Roberts were made aware of the incident," but two of the RVRs "mysteriously disappeared." Mem. [30] at 2. Plaintiff maintains that she was never interviewed by Defendants McIlrath, Cain, Smith, Hunt, Mallett, Barnes, Beasley, Oliver, Roberts, Houston, McLeod, or Burch after the assault, and that, based upon her injuries, any other prosecutor in the State would have "upgrade[d] the simple assault to aggravated assault." *Id.* at 2-3. But "Defendants recklessly disregarded her rights as a victim and basically turned a blind eye." *Id.* at 6.

> Further, as to the claim against Defendant[s] Houston, Beasley, Cain, Smith, Hunt, Mallett, Barnes, Beasley, Oliver, and Roberts, "[p]pursuant [sic] to a long line of civil cases, police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n.

5

25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996). "The same standard should equally apply in this Federal case."

*Id.*

After briefing closed on the pending Motions [19], [21], [26], [35], Plaintiff submitted an Affidavit alleging certain facts related to her claims, *see* Aff. [40], specifically that she reported the incident to her supervisor, Roberts, and demanded to press charges for being assaulted, *id.* at 2. Roberts responded, "it's up to (CID) Central Investigation Division." *Id.* Plaintiff "reported a detailed incident to validate her claims via emails, U.S. Mail, and channels of communication to the Attorney General's Office, (MBI) MS Bureau [of] Investigations, Greene County Sheriff's Department, District Attorney McIlrath, District Attorney Elliot Burch, MDOC Headquarters Burl Cain, and various agencies." *Id.* "[T]here existed no communication from the District Attorney's Office regarding the prosecution process and this office dropped the charges" against the assailant. *Id.*[3]

---

[3] The Affidavit [40] was created several months after Defendants filed their Motions [19], [21], [26], [35], which are all advanced under Rules 12(b)(6) or 12(c). *See* Aff. [40] at 3 (executed October 14, 2024). The Affidavit [40] is not part of the pleadings or any attachments thereto, *see id.*; Compl. [1], and the Court will therefore exclude and not consider it in resolving Defendants' Motions [19], [21], [26], [35], *see* Fed. R. Civ. P. 12(d); *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (holding that a court may consider any documents to a motion to dismiss that are central to the claim and referenced by the complaint). To the extent this Affidavit [40] could be liberally construed as a request to amend, the Court will treat it as such.

II.  DISCUSSION

A.  Relevant legal authority

1.  Federal Rules of Civil Procedure 12(b)(6) and 12(c)

To state a claim sufficient to withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023). "A court may dismiss a complaint as a matter of law when the plaintiff fails 'to state a claim upon which relief can be granted.'" *Vardeman v. City of Houston*, 55 F.4th 1045, 1049-50 (5th Cir. 2022) (quoting Fed. R. Civ. P. 12(b)(6)). "The Rule 12(c) standard is the same as that applied to Rule 12(b)(6)." *Id.* at 1049.

A court must limit its review to the pleadings, Fed. R. Civ. P. 12(d), but it may consider "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint," *PHI Grp., Inc.*, 58 F.4th at 841 (quotation omitted). If a court does not exclude matters outside the pleadings that

7

are presented by a party, the motion must be treated as one for summary judgment, and the parties must be given a reasonable opportunity to present all material pertinent to the motion. Fed. R. Civ. P. 12(d).

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[B]ut pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.").

2. <u>42 U.S.C. §§ 1983 and 1985</u>

The Complaint [1] asserts that Plaintiff's claims arise under "1983, 1985, usc 241 [sic], MS STATE CONST. 1980, 18 USC 1512, 5 USC 2302, UNITED STATES CONSTITUTION." Compl. [1] at 5.[4] "To state a claim under § 1983, a plaintiff

---

[4] 18 U.S.C. §§ 241 and 1512 are criminal statutes which do not create a private right of action. Plaintiff cannot pursue claims under those statutes. *See, e.g., Farwell v. Rushing*, No. 22-20157, 2024 WL 4708917, at *1 (5th Cir. Nov. 7, 2024); *Sampy v. Borne Wilkes Rabalais LLC,* No. 6:24-CV-00169, 2024 WL 2813326, at *3 (W.D. La. May 16, 2024), *report and recommendation adopted,* No. 6:24-CV-00169, 2024 WL 2804929 (W.D. La. May 31, 2024); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997). As for Plaintiff's claim under the federal Whistleblower Protection Act, 5 U.S.C. § 2302, this statute only applies to claims by certain federal employees against their governmental employers. *See* 5 U.S.C. § 2302; *Washington v. Weaver*, No. 08-30392, 2008 WL 4948612, at *2 (5th Cir. Nov. 20, 2008). Because the Complaint [1] does not allege that Plaintiff was a federal employee, and she has not sued a federal governmental employer, any claim under § 2302 necessarily fails. *See* Compl. [1]; 5 U.S.C. § 2302; *Washington,* 2008 WL 4948612, at *2; *see also, e.g., Thomas v. Norris*, No. 1:07-CV-573, 2009 WL 3856920, at *8 (E.D. Tex. Nov. 16, 2009). The Complaint [1] also references "MS STATE CONST. 1980," Compl. [1] at 5, but it is unclear what section was allegedly violated, *see id.,* and no well-pled facts appear sufficient to state a claim as to moving Defendants, *see id.*

must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (emphasis omitted) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "In order to state a cause of action under § 1983, [a plaintiff] must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). "It is not enough to allege that government officials with no direct contact with a plaintiff are responsible for acts of their subordinates." *Id.*

To invoke § 1985, "a plaintiff must plead the operative facts upon which his claim is based, more than conclusory allegations." *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1095 (5th Cir. 1989). Section 1985 is divided into three subsections and prohibits five classes of conspiracies—one proscribed by § 1985(1), two by § 1985(2), and two by § 1985(3). *Kush v. Rutledge*, 460 U.S. 719, 724 (1983).

It is unclear which subsection Plaintiff is invoking, but it appears that she is relying upon either the second part of § 1985(2) or the first part of § 1985(3).[5] *See* 42 U.S.C. § 1985(2), (3); *Kush*, 460 U.S. at 725; Compl. [1]. The second part of § 1985(2) proscribes conspiracies "to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection,"

---

[5] The remaining portions of § 1985 appear plainly inapplicable to Plaintiff's claims, *see* Compl. [1], as they relate to institutions and processes of the federal government, *see Kush*, 460 U.S. at 724.

9

*Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010), "that interfere with the administration of justice in state court," *Gonzalez v. Gillis*, No. 21-60634, 2023 WL 3197061, at *4 (5th Cir. May 2, 2023). The first part of subsection (3) prohibits conspiracies by two or more persons to deprive "any person or class of persons the equal protection of the laws." 42 U.S.C. § 1985(3); *see Griffin v. Breckenridge*, 403 U.S. 88, 96 (1971).

"Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush*, 460 U.S. at 725. The equal protection requirement "means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," such that the conspiracy "must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Id.* (quotation omitted). Thus, to state a claim under those parts of §§ 1985(2) and 1985(3), a plaintiff "must allege that two or more persons conspired to directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws." *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir. 1994) (interpreting § 1985(3)); *see Kush*, 460 U.S. at 460; *see also, e.g., Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678, 687 (5th Cir. 2010) ("This Circuit has held that the class-based animus requirement of § 1985(3) applies equally to causes of action under the second clause of § 1985(2) . . . ."); *Roebuck v. Diamond Detective Agency,* 484 F. App'x 976, 977-78 (5th Cir. 2012) (holding that "because Roebuck has not alleged the deprivation of any equal protection rights and

because he alleges a conspiracy involving the state, rather than the federal, judicial process, he has not presented a cognizable claim pursuant to § 1985(2) or (3)").

B. <u>Whether the Complaint [1] states a claim</u>

At bottom, the Complaint [1] arises out of Plaintiff's allegations that Defendants failed to investigate her claims and pursue appropriate charges against her attacker. *See* Compl. [1]; Resp. [29]; Mem. [30]. As a threshold matter, "longstanding Supreme Court precedent confirms that a crime victim lacks standing to sue a prosecutor for failing to investigate or indict her perpetrator, due to lack of causation and redressability." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973)). Simply put, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* (quoting *Linda R.S.,* 410 U.S. at 619). Courts "across the country have dutifully enforced this rule in case after case—refusing to hear claims challenging the decision not to investigate or prosecute another person." *Id.* at 655 (collecting cases). This precedent also precludes a specific conspiracy claim that various officials and attorneys conspired to shield an attacker from prosecution. *Id.* at 656.[6]

Thus, to the extent Plaintiff's claims are based upon Defendants' alleged failure to investigate and prosecute her attacker, or their conspiracy not to do so,

---

[6] A claim that a police officer or other law enforcement official could have provided physical protection from a future assault, yet failed to do so, falls outside this rule and may be cognizable. *See Lefebure*, 15 F.4th at 658. But that is not what Plaintiff alleges here. The Court does not construe the Complaint [1] as alleging that any officer has refused to protect Plaintiff from any future assault by her attacker. *See id.*; Compl. [1].

11

such claims are barred by controlling precedent. *See id.* But, even considering Plaintiff's claims against each Defendant individually, dismissal remains appropriate.

1. Plaintiff's § 1983 claims

a. Plaintiff's claims against Defendant Smith

The Complaint [1] merely identifies Smith as "Master Sergeant MBI," Compl. [1] at 4, and does not offer how he was personally involved in an alleged constitutional violation, which is required to state any individual claim under § 1983, *see Anderson*, 184 F.3d at 443. Smith's Motion [19] should be granted as to Plaintiff's § 1983 claim against him. *See id.*

b. Plaintiff's claims against Defendants Burch and McIlrath

Defendants Burch and McIlrath answered the Complaint [1] prior to filing their Motion [21] to Dismiss or, Alternatively, Motion for Judgment on the Pleadings. *See* Ans. [15]; Ans. [18]. But a motion to dismiss for failure to state a claim under Rule 12(b)(6) must be filed "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). A motion for judgment on the pleadings is properly filed after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). Because Burch and McIlrath had already answered and the pleadings were closed, the Court considers their Motion [21] as one for judgment on the pleadings under Rule 12(c). *See id.*

Burch and McIlrath invoke prosecutorial immunity, which affords them absolute immunity from liability for damages under § 1983 for "actions taken by prosecutors in their role as advocates." *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012).

"[P]rosecutors are not entitled to immunity simply based on their title; instead, courts look to the functional nature of the activities of which the plaintiff complains." *Bevill v. Wheeler*, 103 F.4th 363, 381 (5th Cir. 2024) (quotations omitted).

"A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process." *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (quotations omitted). "[A] prosecutor's actual decision to not prosecute cases brought by certain officers or call those officers as witnesses" is "based on delicate issues of witness credibility that fall entirely within a prosecutor's judicial function." *Bevill*, 103 F.4th at 382 (quotations, citations, and alterations omitted). "On the other hand, a prosecutor is afforded only qualified immunity for acts performed in the course of administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Loupe*, 824 F.3d at 539 (quotation omitted).

To the extent Plaintiff's allegations against Burch and McIlrath are "intimately associated with the judicial phase of the criminal process," they are entitled to absolute prosecutorial immunity. *Loupe*, 824 F.3d at 539. Even if their alleged actions were performed in the course of administrative duties and their investigatory functions did not relate to preparation for the initiation of a prosecution or for judicial proceedings, the Complaint [1] contains insufficient

13

factual detail to overcome qualified immunity. *See id.*; Compl. [1]. There are no facts alleged concerning Burch's or McIlrath's individual conduct that would place their actions beyond those intimately associated with the judicial phase of the criminal process. *See Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023); *Loupe*, 824 F.3d at 539; *see also* Compl. [1] at 6 (asserting Plaintiff filed grievances with the "District Attorney's Office" and "all alleged investigations were not properly done," but not alleging any personal action concerning an investigation by Burch or McIlrath). Burch and McIlrath's Motion [21] to Dismiss should be granted as to Plaintiff's § 1983 claims. *See* Mot. [21].

c.   <u>Plaintiff's claims against Defendant Sheriff McLeod</u>

McLeod has invoked qualified immunity. *See* Mem. [27] at 5. "A public official performing a discretionary function is entitled to qualified immunity in a civil action for damages, provided his conduct does not 'violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The question is whether the facts alleged by Plaintiff make out a violation of a constitutional right by McLeod, and whether that right was "clearly established" at the time of his alleged misconduct. *Id.*

The Complaint [1] identifies McLeod as the "Sheriff of Greene County," Compl. [1] at 3, and asserts that Plaintiff "blew the whistle and filed grievances with the entire chain of command at . . . Sheriff's Dept. of Greene County," *id.* at 6. To the extent Plaintiff is attempting to advance claims against McLeod as a

supervisor, § 1983 "does not create vicarious or *respondeat superior* liability." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation." *Id.* (quotation omitted).

The Complaint [1] makes no allegation of personal involvement by McLeod or of a causal connection between his conduct and any alleged constitutional violation. *See id.*; Compl. [1]. This is insufficient under § 1983, and McLeod's Motion [26] for Judgment on the Pleadings should be granted in this respect. *See* Compl. [1]; *Gentilello*, 627 F.3d at 544; *Evett*, 330 F.3d at 689.

d.  <u>Plaintiff's claims against Defendants Barnes, Beasley, Cain, Houston, Hunt, Mallett, and Roberts</u>

Because Defendants Barnes, Beasley, Cain, Houston, Hunt, Mallett, and Roberts filed their Motion [35] after their Answer [25], the Court likewise construes it as one for judgment on the pleadings. *See* Fed. R. Civ. P. 12(b)-(c); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). And for the same reasons previously stated with respect to the other Defendants, this Motion [35] should be granted.

The Complaint [1] lists Barnes, Beasley, Cain, Houston, Hunt, Mallett, and Roberts as Defendants and states their positions with MDOC, CID, or MDOC, *see* Compl. [1] at 2-3, but it contains no facts regarding any personal involvement by them, *see id.*; *Evett*, 330 F.3d at 689. Their Motion [35] should be granted as to

Plaintiff's § 1983 claims. *See* Compl. [1]; *Gentilello*, 627 F.3d at 544; *Evett*, 330 F.3d at 689.

2. <u>Plaintiff's § 1985 conspiracy claims</u>

As for any § 1985(2) and § 1985(3) claims, Plaintiff has not alleged that any particular Defendant conspired, directly or indirectly, with anyone. *See* 42 U.S.C. § 1985; *Green*, 27 F.3d at 1089; Compl. [1]. Nor does the Complaint [1] assert that any Defendant deprived Plaintiff "of the equal protection of the laws or equal privileges and immunities under the laws," because the conspiracy was motivated by a racially- or class-based discriminatory animus, which is fatal. *Green*, 27 F.3d at 1089; *see* 42 U.S.C. § 1985(2), (3); *Roebuck*, 484 F. App'x at 977-78; Compl. [1]. Plaintiff's § 1985 claims against all Defendants should be dismissed for failure to state a claim. *See Green*, 27 F.3d at 1089; *Roebuck*, 484 F. App'x at 977-78.

C. <u>Whether Plaintiff should be granted leave to amend</u>

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course, either within 21 days of serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a) "evinces a bias in favor of granting leave to amend," such leave "is in no way automatic." *Marucci Sports, L.L.C. v. Nat'l Collegiate*

16

*Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted). Rule 15(a) applies where a plaintiff has "expressly requested" leave to amend. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quotation omitted). But "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Plaintiff did not amend as of right after Defendants filed their Rule 12(b) Motions, nor did she request leave to amend in the event the Court found that any claims were inadequately pled. But Plaintiff's Response [29] and Memorandum [30] offer additional facts which she maintains support her claims. *See* Resp. [29]; Mem. [30]. Also, on October 18, 2024, Plaintiff filed an Affidavit [40] alleging certain additional facts. *See* Aff. [40].

The Court liberally construes the additional facts alleged in Plaintiff's Response [29], Memorandum [30], and Affidavit [40] as a request to amend, but based upon the record, it is not clear whether even with these additional facts she can state a claim against any Defendant. Under the circumstances, the Court will dismiss Plaintiff's claims against moving Defendants without prejudice and deny her request to amend without prejudice, with leave to reassert a properly supported motion to amend with an proposed amended complaint attached, as required by this Court's Local Rules. *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); L.U. Civ. R.

7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading . . . ."). If Plaintiff fails to do so by January 22, 2025, the Court will dismiss her claims against these Defendants with prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Shelby Smith's Motion [19] to Dismiss for Failure to State a Claim; Defendants Elliot Burch and Angel Myers McLrath's [sic] Motion [21] to Dismiss or, Alternatively, Motion for Judgment on the Pleadings; Defendant Stanley McLeod's Motion [26] for Judgment on the Pleadings; and Defendants Timothy Barnes, Unknown Beasley, Burl Cain, Russell Houston, John Hunt, Jeworski Mallett, and J.R. Roberts' Motion [35] to Dismiss, are **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Catina Washington's claims against Defendants Shelby Smith, Elliot Burch, Angel Myers McLrath [sic], Stanley McLeod, Timothy Barnes, Unknown Beasley, Burl Cain, Russell Houston, John Hunt, Jeworski Mallett, and J.R. Roberts are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claims against Defendant Lecarus Oliver, who has not appeared, and Defendant Jane Doe #1, SMCI/MDOC Disciplinary Hearing Officer, who has not yet been identified or appeared in this case, will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Catina Washington's request for leave to amend her Complaint [1] is **DENIED WITHOUT**

**PREJUDICE**, with leave to reassert a properly supported motion to amend with a proposed amended complaint attached, in accordance with the Court's Local Rules, **on or before January 22, 2025**.  Plaintiff is cautioned to plead her best case in any proposed Amended Complaint.  Plaintiff is further cautioned that if she does not file a properly supported motion to amend by January 22, 2025, her claims against Defendants Shelby Smith, Elliot Burch, Angel Myers McLrath [sic], Stanley McLeod, Timothy Barnes, Unknown Beasley, Burl Cain, Russell Houston, John Hunt, Jeworski Mallett, and J.R. Roberts will be dismissed with prejudice.

   **SO ORDERED AND ADJUDGED**, this the 7th day of January, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE