IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| CATINA WASHINGTON | § | PLAINTIFF |
|---|---|---|
| v. | § | Civil No. 1:23-cv-370-HSO-BWR |
| BURL CAIN, *MDOC Commissioner*, et al. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT LECARUS OLIVER'S MOTION [42] TO DISMISS

Defendant Lecarus Oliver's Motion [42] to Dismiss seeks dismissal of pro se Plaintiff Catina Washington's claims against him under Federal Rule of Civil Procedure 12(b)(6). Because the Complaint [1] fails to state a claim upon which relief can be granted as to Oliver, the Court will grant the Motion [42] and dismiss Plaintiff's claims against Oliver with prejudice.[1]

### I. BACKGROUND

Plaintiff Catina Washington ("Plaintiff" or "Washington") is a former case manager at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Compl. [1] at 1, 6. Her pro se Complaint [1] advanced claims under 42 U.S.C. §§ 1983 and 1985 against Defendants Burl Cain ("Cain"), Commissioner of the Mississippi Department of Corrections ("MDOC"); John Hunt ("Hunt"), Director of Investigation in the Corrections Investigation Division ("CID");

---

[1] Only Plaintiff's claims against Defendant Jane Doe #1, SMCI/MDOC Disciplinary Hearing Officer, who has not yet been identified or appeared in this case, remain for resolution.

Jeworski Mallett ("Mallett"), MDOC Deputy Commissioner; Timothy Barnes ("Barnes"), Warden of SMCI; Unknown Beasley ("Beasley"), Former Deputy Warden of SMCI; Stanley McLeod ("McLeod"), Sheriff of Greene County, Mississippi; Angel Myers McLrath [sic] ("McIlrath"), District Attorney 19th Circuit; Elliot Burch ("Burch"), Assistant District Attorney; Lecarus Oliver ("Oliver"), Mississippi Bureau of Investigation ("MBI") Major/Director of Criminal Investigation; Russell Houston ("Houston"), MDOC/CID Lower-Level Investigator; Shelby Smith ("Smith"), Master Sergeant of MBI; J.R. Roberts ("Roberts"), SMCI/MDOC Human Resources Office; and Jane Doe #1, SMCI/MDOC Disciplinary Hearing Officer, all in their individual capacities. Compl. [1] at 1-4. Defendants Smith, Burch, McIlrath, McLeod, Barnes, Beasley, Cain, Houston, Hunt, Mallett, and Roberts have since been dismissed. *See* Order [41]; Order [50].

Plaintiff alleges that in December 2020, while she was employed at SMCI, "a prisoner viciously attacked" her, causing "severe injuries which resulted in surgery." Compl. [1] at 6. Plaintiff "blew the whistle and filed grievances with the entire chain of command at MDOC, CID, MBI, District Attorney's Office, Sheriff's Dept. of Greene County, and additional attorneys . . . to no avail . . . ." *Id.* She claims that she was not "afforded protections as a victim regarding the right to prosecute," and "all alleged investigations were not properly done." *Id.* Plaintiff believes that "such acts constitute a cover-up on behalf of all parties collectively," and she "continues to suffer from being deprived of her Constitutional Rights as a whistle blower . . . ." *Id.* In the section of the form Complaint [1] which asked Plaintiff to "[l]ist the

specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," she wrote: "1983, 1985, usc 241 [sic], MS STATE CONST. 1980, 18 USC 1512, 5 USC 2302, UNITED STATES CONSTITUTION." *Id.* at 5.

On January 9, 2025, Defendant Oliver filed a Motion [42] to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. [42]; Mem. [43]. He argues that the Complaint [1] fails to allege any acts of wrongdoing by him in his individual capacity, nor does it contain any factual allegations that would otherwise result in liability. Mot. [42] at 1; Mem. [43] at 1, 3-4. "In fact, there are no allegations against Defendant Oliver, whatsoever." Mem. [43] at 3. Plaintiff has not responded to Oliver's Motion [42] to Dismiss, and the time for doing so has passed. *See* L.U. Civ. R. 7(b)(4). The Court will therefore consider Oliver's Motion [42] without the benefit of a response.

## II. DISCUSSION

A.  Relevant legal authority

To state a claim sufficient to withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,'

3

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023). "A court may dismiss a complaint as a matter of law when the plaintiff fails 'to state a claim upon which relief can be granted.'" *Vardeman v. City of Houston*, 55 F.4th 1045, 1049-50 (5th Cir. 2022) (quoting Fed. R. Civ. P. 12(b)(6)).

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[B]ut pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.").

B.     Whether the Complaint [1] states a claim

At bottom, the Complaint [1] arises out of Plaintiff's allegations that Defendants failed to investigate her claims and pursue appropriate charges against her attacker. *See* Compl. [1]. As a threshold matter, "longstanding Supreme Court precedent confirms that a crime victim lacks standing to sue a prosecutor for failing to investigate or indict her perpetrator, due to lack of causation and redressability." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973)). Simply put, "a citizen lacks standing to

contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* (quoting *Linda R.S.,* 410 U.S. at 619). Courts "across the country have dutifully enforced this rule in case after case—refusing to hear claims challenging the decision not to investigate or prosecute another person." *Id.* at 655 (collecting cases). This precedent also precludes a specific conspiracy claim that various officials and attorneys conspired to shield an attacker from prosecution. *Id.* at 656.[2] Thus, to the extent Plaintiff's claims are based upon Oliver's alleged failure to investigate and prosecute her attacker, or a conspiracy not to do so, such claims are barred by controlling precedent. *See id.*

But, even considering Plaintiff's claims against Oliver individually, dismissal remains appropriate. The Complaint [1] merely identifies Oliver as "Major/Director of Criminal Investigation" with MBI, Compl. [1] at 3, and does not offer how he was personally involved in an alleged constitutional violation, which is required to state any claim against him individually, *see Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Oliver's Motion [42] should be granted as to Plaintiff's § 1983 claim against him. *See id.*

Nor has Plaintiff alleged that Oliver conspired, directly or indirectly, with anyone. *See* 42 U.S.C. § 1985; *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th

---

[2] A claim that a police officer or other law enforcement official could have provided physical protection from a future assault, yet failed to do so, falls outside this rule and may be cognizable. *See Lefebure*, 15 F.4th at 658. But that is not what Plaintiff alleges here. The Court does not construe the Complaint [1] as alleging that any officer has refused to protect her from any future assault by her attacker. *See id.*; Compl. [1].

Cir. 1994); Compl. [1]. The Complaint [1] makes no claim that Oliver deprived Plaintiff "of the equal protection of the laws or equal privileges and immunities under the laws," because the conspiracy was motivated by a racially- or class-based discriminatory animus, which is fatal to her claims under § 1985. *Green*, 27 F.3d at 1089; *see* 42 U.S.C. § 1985(2), (3); *Roebuck v. Diamond Detective Agency,* 484 F. App'x 976, 977-78 (5th Cir. 2012); Compl. [1]. Plaintiff's § 1985 claims against Oliver should be dismissed for failure to state a claim. *See Green*, 27 F.3d at 1089; *Roebuck*, 484 F. App'x at 977-78.

C.  Whether Plaintiff should be granted leave to amend

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course, either within 21 days of serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although Rule 15(a) "evinces a bias in favor of granting leave to amend," such leave "is in no way automatic." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted). Rule 15(a) applies where a plaintiff has "expressly requested" leave to amend. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quotation

6

omitted). But "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Plaintiff did not respond to Oliver's Motion [42] to Dismiss and did not amend as of right after Oliver filed his Rule 12(b)(6) Motion [42]. Nor did Plaintiff request leave to amend in the event the Court found that any claims were inadequately pled. On this record, the Court finds that Plaintiff's claims against Oliver should be dismissed with prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Lecarus Oliver's Motion [42] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Catina Washington's claims against Defendant Lecarus Oliver are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Defendant Jane Doe #1, SMCI/MDOC Disciplinary Hearing Officer, who has not yet been identified or appeared in this case, will proceed.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED S0TATES DISTRICT JUDGE