IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CATINA WASHINGTON            PLAINTIFF

VS.            CIVIL ACTION NO. 1:23-cv-370-HSO-BWR

BURL CAIN, et al.            DEFENDANTS

## ANSWER AND DEFENSES

COMES NOW Defendant, Laura Hostetter and submit her Answer and Defenses to the Plaintiff's Amended Complaint [Doc. 57] as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiff's Amended Complaint fails to state facts against Defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Defendant specifically asserts and invokes all defenses available to her as outlined in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Defendant is entitled to qualified immunity as to the individual capacity claims asserted against her. Defendant would affirmatively assert that Plaintiff's Complaint fails to allege a violation of an established constitutional right and that her conduct was objectively reasonable.

## FIFTH DEFENSE

Insofar as any state-law claims are concerned, Defendant invokes every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## SIXTH DEFENSE

Defendant denies that she has been guilty of any actionable conduct.

## SEVENTH DEFENSE

Defendant asserts all common law immunities to which she may be entitled.

## EIGHTH DEFENSE

Defendant affirmatively asserts all statutory immunities to which she may be entitled.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

## TENTH DEFENSE

Plaintiff's alleged damages, if any, result from acts or omissions of one or more third parties over whom Defendant did not exercise control and for whose actions Defendant has no liability.

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT [DOC. 57]

AND NOW, without waiving the above foregoing defense, and responding to Plaintiff's Amended Complaint, paragraph by paragraph, Defendant answers and alleges as follows:

### I. The Parties to This Complaint

A. Upon information and belief, it is admitted that Plaintiff resided at the listed address at the time she filed her Complaint.

B. It is admitted that Plaintiff has sued the party set forth as Defendant in Paragraph I(B). It is denied that this party is a proper defendant or that this action is properly before this Court. Any allegations outlined in Paragraph I(B) of the Complaint which are not specifically admitted here are denied.

### II. Basis for Jurisdiction

A. Denied.

B. Denied.

### III. Statement Of Claim

It is admitted that Plaintiff, while employed as a case manager at the South Mississippi Correctional Institution ("SMCI"), was in an altercation with an SMCI inmate. All allegations against Defendant are specifically denied.

## IV.    Relief

Denied, and Defendant affirmatively asserts that Plaintiff has no right to any relief whatsoever.

## V.    Certification and Closing

Section V of Plaintiff's Complaint contains no factual allegations that require a response from Defendant.

### ELEVENTH DEFENSE

Defendant's actions complied with and furthered compelling state interests and were in good faith.

### TWELFTH DEFENSE

Defendant reserves the right to seek leave to amend her Answer and Defenses to add defenses that may be warranted by the facts as they become known.

### THIRTEENTH DEFENSE

Defendant is entitled to and affirmatively pleads her immunity from suit, including, but not limited to, immunity recognized by the Eleventh Amendment.

### FOURTEENTH DEFENSE

Defendant is entitled to and affirmatively pleads her federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

### FIFTEENTH DEFENSE

Defendant is entitled to and affirmatively pleads her state law immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## SIXTEENTH DEFENSE

Defendant denies that she has willfully violated any law and denies that she is liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

## SEVENTEENTH DEFENSE

Under Fed. R. Civ. P. 8(b), Defendant denies all allegations asserted by Plaintiff against her as stated in the Complaint, except to the extent specifically admitted here.

## EIGHTEENTH DEFENSE

Defendant would state that the imposition of punitive damages here would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive, and disproportionate punishment that serves no legitimate governmental interest.

## NINETEENTH DEFENSE

Defendant would state that the imposition of punitive damages here, in the absence of the procedural safeguards accorded to them, violates the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTIETH DEFENSE

The imposition of punitive damages here would violate the Excessive Fines Clause of the Mississippi Constitution.

## TWENTY-FIRST DEFENSE

Defendant asserts, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

**AND NOW,** having fully answered the allegations of Plaintiff's Amended Complaint and Responses and having set forth her defenses thereto, Defendant denies that the Plaintiff is entitled to any relief against her and moves the Court for entry of an order and final judgment dismissing this cause of action against her with prejudice, with all costs assessed to the Plaintiff. Finally, Defendant moves for general and such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 18th day of July 2025.

    LAURA HOSTETTER, *Defendant*

By: LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI

By: s/*La'Bria M. Barnes*
LA'BRIA M. BARNES (MSB #106360)
Special Assistant Attorney General

LA'BRIA M. BARNES (MSB #106360)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4721

Fax: (601) 359-2003
labria.barnes@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system and that I have this day caused to be mailed, via the United States Postal Service, first-class postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following non-ECF participant:

Catina Washington
PO BOX 1455
Lucedale, MS 39452

This, the 18th day of July 2025.

/s/ La'Bria M. Barnes