IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATINA WASHINGTON | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:23-cv-370-HSO-BWR |
| | § | |
| | § | |
| LAURA HOSTETTER, *SMCI/MDOC* | § | |
| *Disciplinary Hearing Officer* | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT LAURA HOSTETTER'S MOTION [69] TO DISMISS

Defendant Laura Hostetter's Motion [69] to Dismiss seeks dismissal of pro se Plaintiff Catina Washington's claims against her under Federal Rule of Civil Procedure 12(b)(6). Because the Amended Complaint [57] fails to state a claim upon which relief can be granted, the Court will grant the Motion [69] and dismiss Plaintiff's claims with prejudice.

## I. BACKGROUND

Plaintiff Catina Washington ("Plaintiff" or "Washington") is a former case manager at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Am. Compl. [57] at 4. Her original pro se Complaint [1] advanced claims under 42 U.S.C. §§ 1983 and 1985 against a host of Defendants, including one identified only as Jane Doe #1, SMCI/MDOC Disciplinary Hearing Officer. Compl. [1] at 1-4. The Court dismissed the named Defendants, *see* Order [41]; Order [50]; Order [51]; Rule 54(b) J. [52], but permitted Plaintiff to file an amended complaint to identify "Jane Doe #1," *see* Order [53], which she did, naming Laura Hostetter, Disciplinary Hearing Officer ("Hostetter"), *see* Am. Compl. [57].

The Amended Complaint [57] alleges that in December 2020, while Plaintiff was employed at SMCI, "a prisoner viciously attacked" her, causing "severe injuries which resulted in surgery." Am. Compl. [57] at 4. She claims that the "parties engaged in cover-up" and failed to prosecute the perpetrator. *Id.* According to the Amended Complaint [57], Plaintiff "blew the whistle and filed grievances with the entire chain of command at MDOC, CID, MBI, District Attorney's Office, Sheriff's Dept. of Greene County, and additional attorneys . . . to no avail . . . ." *Id.* She claims that she was not "afforded protections as a victim regarding the right to prosecute," and "all alleged investigations were not properly done." *Id.* Plaintiff believes that "such acts constitute a cover-up on behalf of all parties collectively." *Id.* In the section of the pleading form which asked Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," she wrote: "1983, 1985, usc 241 [sic], MS STATE CONST. 1980, 18 USC 1512, 5 USC 2302, UNITED STATES CONSTITUTION." *Id.* at 3. The Court construes the Amended Complaint [57] as attempting to advance claims against Hostetter under 42 U.S.C. §§ 1983 and 1985. *See id.*

Defendant Hostetter's Motion [69] to Dismiss, filed on August 19, 2025, argues that the Amended Complaint [57] fails to allege any personal involvement on her part, such that it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Mot. [69] at 1; Mem. [70] at 1, 3-7. "Furthermore, Plaintiff does not allege that Hostetter conspired, directly or indirectly, with anyone," which fails to state a cognizable claim under § 1985. Mem. [70] at 6. Plaintiff has not

2

responded to Hostetter's Motion [69] to Dismiss, and the time for doing so has passed. *See* L.U. Civ. R. 7(b)(4). The Court will therefore consider the Motion [69] without the benefit of a response.

## II.  DISCUSSION

### A.  Relevant Legal Authority

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023). "A court may dismiss a complaint as a matter of law when the plaintiff fails 'to state a claim upon which relief can be granted.'" *Vardeman v. City of Houston*, 55 F.4th 1045, 1049-50 (5th Cir. 2022) (quoting Fed. R. Civ. P. 12(b)(6)).

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[B]ut pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir.

2016); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.").

B.     Whether the Amended Complaint [57] States a Claim

At bottom, the Amended Complaint [57] alleges that certain individuals or entities failed to investigate Plaintiff's claims and pursue appropriate charges against her attacker. *See* Am. Compl. [57]. As a threshold matter, "longstanding Supreme Court precedent confirms that a crime victim lacks standing to sue a prosecutor for failing to investigate or indict her perpetrator, due to lack of causation and redressability." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973)). Simply put, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* (quoting *Linda R.S.,* 410 U.S. at 619). Courts "across the country have dutifully enforced this rule in case after case—refusing to hear claims challenging the decision not to investigate or prosecute another person." *Id.* at 655 (collecting cases). This precedent also precludes a specific conspiracy claim that various officials and attorneys conspired to shield an attacker from prosecution. *Id.* at 656.[1] Thus, to the extent Plaintiff's claims are based upon Hostetter's alleged failure to investigate

---

[1] A claim that a police officer or other law enforcement official could have provided physical protection from a future assault, yet failed to do so, falls outside this rule and may be cognizable. *See Lefebure*, 15 F.4th at 658. But that is not what Plaintiff alleges here. The Court does not construe the Amended Complaint [57] as alleging that Hostetter or any other person has refused to protect her from any future assault by her attacker. *See id.*; Am. Compl. [57].

and prosecute her attacker, or that Hostetter engaged in a conspiracy not to do so, such claims are barred by controlling precedent. *See id.*

But, even considering Plaintiff's claims against Hostetter individually, dismissal remains appropriate. The Amended Complaint [57] merely identifies Hostetter as a "Disciplinary Hearing Officer," Am. Compl. [57] at 2, and does not offer how she was personally involved in an alleged constitutional violation or how her acts are causally connected to any constitutional violation, which is required to state any claim against her individually, *see Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Hostetter's Motion [69] should be granted as to Plaintiff's § 1983 claim. *See id.*; Am. Compl. [57].

Nor has Plaintiff alleged that Hostetter conspired, directly or indirectly, with anyone. *See* 42 U.S.C. § 1985; *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir. 1994); Am. Compl. [57]. The Amended Complaint [57] makes no claim that Hostetter deprived Plaintiff "of the equal protection of the laws or equal privileges and immunities under the laws," as part of a conspiracy that was motivated by a racially- or class-based discriminatory animus, which is fatal to her § 1985 claim. *Green*, 27 F.3d at 1089; *see* 42 U.S.C. § 1985(2), (3); *Roebuck v. Diamond Detective Agency,* 484 F. App'x 976, 977-78 (5th Cir. 2012); Am. Compl. [57]. Plaintiff's § 1985 claim against Hostetter should likewise be dismissed. *See Green*, 27 F.3d at 1089; *Roebuck*, 484 F. App'x at 977-78.

C.    <u>Whether Plaintiff Should be Granted Leave to Amend</u>

Although Federal Rule of Civil Procedure 15(a) "evinces a bias in favor of granting leave to amend," such leave "is in no way automatic." *Marucci Sports,*

*L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).  Rule 15(a) applies where a plaintiff has "expressly requested" leave to amend.  *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quotation omitted).  But "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

The Court has already allowed Plaintiff to amend her pleadings once, and she did not respond to Hostetter's Motion [69] to Dismiss.  Nor did she request leave to amend in the event the Court found that any claims were inadequately pled.  On this record, Plaintiff's claims against Hostetter should be dismissed with prejudice without further leave to amend.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Laura Hostetter's Motion [69] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Catina Washington's claims against Defendant Laura Hostetter are **DISMISSED WITH PREJUDICE**.  A separate Final Judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 23rd day of September, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED S0TATES DISTRICT JUDGE